# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MARTHELLA JOHNSON TRUST,**
Guardian of Minor John Doe 1                                        **PLAINTIFF**

v.                        Case No. 4:20-cv-00873-LPR

**PATTY KUPFER,** Campaign
Director/State Policy Director;
**ARKANSAS DEPARTMENT OF LABOR**                       **DEFENDANTS**

## ORDER

Plaintiff Marthella Johnson Trust ("the Trust"), Guardian of Minor John Doe, paid the requisite filing fee and filed this *pro se* complaint on July 30, 2020 seeking money damages for violations of 42 U.S.C. §1983.[1] The Trust has since filed an Amended Complaint[2] alleging that Minor John Doe's photo was taken and used by Defendants without either his or his guardian's permission in promotional materials for a statewide minimum wage ballot campaign.

Pending is Defendant Kupfer's Motion to Dismiss for the unauthorized practice of law.[3] The Motion is granted. A trust may not proceed *pro se* in federal court; nor may it be represented by a non-lawyer.[4] Even if the Guardian were to substitute her name for the Trust as Plaintiff, the case would be dismissed because "non-attorney parents cannot litigate *pro se* on behalf of their minor children."[5]

---

[1] Complaint, Doc. 1.

[2] Amended Complaint, Doc. 4 at 4.

[3] Motion to Dismiss, Doc. 6.

[4] *United States v. Mengedoht*, 790 Fed. App'x 841 (8th Cir. 2020) (*per curiam*) (nonlawyer may not represent another entity in federal court); *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994) (same). *See also United States v. Lylalele, Inc.*, 221 F.3d 1345 (8th Cir. 2000) (unpublished) (citing *Knoefler* and noting that "corporations and trusts cannot appear in a federal court without legal representation.").

[5] *Crozier v. Westside Cmty. Sch. Dist.*, ___ F.3d ___, ___ (8th Cir. 2020), 2020 WL 5223512, at 3 (*per curiam*). To the extent the Guardian is seeking relief on behalf of herself, she has no standing because "parents lack standing to bring individual claims under § 1983 based solely upon deprivation of a child's constitutional rights." *Crozier v. Westside Cmty. Sch. Dist.*, No. 8:18CV438, 2018 WL 5298744, at *2 (D. Neb. Oct. 25, 2018) (internal quotation

IT IS THEREFORE ORDERED that:

1. Defendant Kupfer's Motion to Dismiss, Doc. 6, is GRANTED.

2. The Complaint is DISMISSED without prejudice.

Dated, this 21st day of October, 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

marks and citation omitted) (collecting cases).